IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EUGENE E. STEINBACH and
TRACY STEINBACH,

                                                      OPINION AND ORDER

              Plaintiffs,

                                                      05-cv-23-bbc

    v.

ROYAL AND SUNALLIANCE INSURANCE
COMPANY OF CANADA; J. SANFORD
TRUCKING & TRANSPORTATION, LTD.;
SEA BREEZE EXPRESS, INC.; ALIAS
INSURANCE COMPANY; WISCONSIN
PHYSICIANS SERVICE INSURANCE
CORPORATION; and ONEIDA COUNTY
DEPARTMENT OF SOCIAL SERVICES,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Eugene E. Steinbach and Tracy Steinbach have moved to reopen this case, which was closed on September 19, 2005, after the parties advised the court that they had reached a complete settlement of their dispute. Plaintiffs style their request as one for Relief from Order under Fed. R. Civ. P. 60(b)(6). In addition, they ask the court for an order enforcing a judgment for a specific act pursuant to Fed. R. Civ. P. 70(a) by ordering defendant Royal and Sunalliance Insurance Company of Canada to execute the required

1

paperwork to finalize the structured settlement of the case and for still another order finding defendant in contempt. (Royal is the only defendant from which plaintiffs seek relief in this case, so all further references to it will be to defendant.)

According to plaintiffs, plaintiff Eugene Steinbach suffered severe and permanent injuries in an automobile accident that occurred when the driver of a semitruck made a left turn into his path. Plaintiffs sued for damages in this court. Defendant was the insurer of the driver who caused the accident; it settled with plaintiff in mediation on September 16, 2005, for $787,500.00. On September 19, 2005, the court entered an order dismissing the case, subject to its being reopened by any party for good cause shown.

In September 2005, in response to a question from defense counsel, Thomas Gonzalez, about how the drafts for the settlement amount should be made payable, plaintiffs' counsel told him to make one payable to counsel's trust fund for $562,500 and a second payable to American General Annuity Service Corporation for $225,000. The drafts were received in mid-October; plaintiffs executed a release on October 20, 2005 (and apparently mailed it to defendant's counsel, although plaintiffs do not say so). The release acknowledged receipt of $787,500 and released and discharged defendant from "all claims, demands, rights, actions, damages, compensation or causes of action of any kind . . . on account of or arising out of" the accident.

At the end of 2005, plaintiff's counsel received the paperwork required by the annuity

2

company, including a new Settlement Agreement and Release form.  On January 5, 2006, plaintiffs' counsel forwarded the new form to Gonzalez for his client's signature.  When plaintiffs' counsel did not hear from Gonzalez, he emailed Gonzalez on January 25, 2006 to ask whether he had a problem with the Settlement Agreement and Release.  Gonzalez responded that his client would not sign the agreement because the case was already settled and dismissed.  Almost 20 months later, on August 7, 2007, plaintiffs' counsel wrote Gonzalez again, repeating his request to have the agreement signed.

On October 1, 2007, plaintiffs' counsel sent Jane Cuthbert (Gonzalez's replacement) copies of the October 2005 emails.  Ten months later, plaintiffs filed this motion to reopen, which I take as an indication that they did not receive a favorable response from Cuthbert.

## DISCUSSION

Plaintiffs are seeking relief from this court that it cannot provide.  First, they seek release from the 2005 dismissal, grounding their request on Rule 60(b)(6), which allows relief from a final judgment, order or proceeding for "any other reason that justifies relief."  Rule 60()(1) requires that motions under the rule must be brought within a reasonable time.  Plaintiffs do not say why they would be entitled to relief under this rule when they have waited almost three years to seek such relief.

Timing aside, however, plaintiffs have suggested no reason why they are entitled to

3

relief in any event. The order entered by this court said only that the case was dismissed because the court had been informed by the parties that they had reached a settlement. It did not condition dismissal on any specific acts or promises by either side.

It appears from the affidavit of plaintiffs' counsel that the parties agreed on their own that plaintiffs were to execute a settlement and defendant was to pay $787,500. It appears that the parties did exactly what they had agreed to do. If plaintiffs believe that defendant had a legal obligation to take any other act and specifically, to execute still another release and settlement agreement, they have not identified the source of that obligation or advised the court of any authority it would have to enforce the obligation. In fact, having received the settlement proceeds in exactly the form requested, plaintiffs expressly released defendant from the obligation to take any further action in the matter.

As far as I can tell from the parties' submissions, American General Annuity Service Corporation requires an additional document in order to set up the kind of structured annuity plaintiffs want. Why the company did not advise plaintiffs of this before the settlement was agreed upon is not evident from the record, but it is not an oversight that this court has any power to correct. Plaintiffs' Rule 60 motion is filed far too late. Even if it were timely, the rule does not authorize courts to provide any kind of relief plaintiffs want; Rule 60 relief must be justified and plaintiffs have shown no justification for ordering defendant to do an act it never agreed to. Rule 70 is inapplicable: it authorizes a court to

4

enforce a specific act only if the judgment imposed an obligation to act.  In this case, no judgment of any kind was entered, let alone one that imposed specific duties on the parties.

The form of the dismissal order entered in this case allows a party to reopen the case upon any showing of good cause, but plaintiffs have made no such showing.  First, they have no ground for reopening the case; from plaintiffs' account, it appears that the parties complied with the parties' agreement in all respects.  Second, they have not shown that reopening the case would provide plaintiffs a mechanism for requiring defendant to agree to sign a new and different settlement agreement and release.  This suit was one for damages arising out of a motor vehicle accident; plaintiffs' present claim raises allegations of a contractual nature (despite the lack of any obvious contractual basis for defendant's alleged obligation to sign another settlement agreement and release).

Although this court cannot provide any relief for plaintiffs in this closed case, their submissions raise concerns about the status of the settlement funds they were to receive.  Accordingly, I will direct their counsel to advise the court of that status and the steps he is taking to insure that plaintiffs receive the award they are due.

ORDER

IT IS ORDERED that plaintiffs Eugene E. Steinbach's and Tracy Steinbach's motion for relief from judgment under Fed. R. Civ. P. 60(b), for enforcement of judgment under

5

Fed. R. Civ. P. 70(a) and their motion to hold defendant Royal and Sunalliance Insurance Company of Canada in contempt are DENIED.

FURTHER, IT IS ORDERED that no later than August 25, 2008, plaintiff's counsel, David Sunby, is to advise the court in writing, with a copy to plaintiffs, of the status of plaintiffs' share of the settlement proceeds.

Entered this 14th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge